IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEIGH COLBY, D.D.S., an individual; OCD
INVESTMENTS, LLC, an Oregon limited
liability company; and OREGON DENTAL,
P.C.,

        Plaintiffs,

v.

INTERDENT SERVICE CORPORATION,

        Defendant.

Case No. 6:18-cv-781-MC

OPINION AND ORDER

MCSHANE, Judge:

Following the sale of their dental practice, Plaintiffs brought a breach of contract claim against the purchaser, defendant InterDent Service Corporation. The court previously dismissed the complaint, finding that InterDent's unwise business practices do not support a cause of action under the contract. Because Plaintiffs fail to allege new facts in their amended complaint, and because this Court previously rejected Plaintiffs' legal theory, InterDent's motion to dismiss, ECF NO. 17, is GRANTED.

1 – OPINION AND ORDER

# BACKGROUND[1]

On December 22, 2015, Plaintiffs and InterDent executed an Asset Purchase Agreement (APA) outlining Interdent's purchase of Plaintiffs' dental practice. Am. Compl. ¶ 5; ECF No. 14. InterDent purchased the practice for $2,834,484 in cash. APA § 1.04-1. The APA also contained an "Earnout Payment" provision that promised plaintiffs a payment calculated on revenues earned by the practice in the second year following the execution of the APA. Am. Compl. ¶ 7. Specifically, InterDent would pay Plaintiffs an earnout based on a sliding scale ranging from $0 if net revenues were lower than $4,800,000 up to a maximum of $500,000 if revenues hit $5,300,000 or more. APA § 1.06-1. The APA also contained a provision governing the post-closing operation of the dental practice.

> Subject to the terms of this Agreement, after the Closing, InterDent shall have sole discretion with regard to all matters relating to the operation of the Dental Practice. InterDent shall have no obligation to operate the Dental Practice to achieve or maximize any Earnout Payments; provided that InterDent shall operate the Dental Practice in good faith and not in a manner intended to avoid making an Earnout Payment.

APA § 1.06-4.

InterDent's alleged breach of the APA as related to the earnout payment forms the basis of the dispute at issue here. Plaintiffs' original complaint alleged:

> As of the effective date of the APA, Plaintiffs were operating the Practice in a manner that, if continued, would have resulted in a maximum Earnout Payment of $500,000. For approximately five months, the Practice continued in a similar fashion. However, Defendant made several changes to the Practice that had a substantial impact on the bottom line and reduced the Practice's revenue to a point where Plaintiffs would not be entitled to any Earnout Payment under the formula contained in the APA.

Compl. ¶ 9.

---

[1] At the motion to dismiss stage, I assume the truth plaintiffs' allegations.

2 – OPINION AND ORDER

Specifically, InterDent: (1) cancelled a dental services financing plan used by over half of the practice's patients, resulting in a substantial drop in appointments and revenue; (2) cancelled an agreement with a "major healthcare insurance plan" resulting in a substantial drop in patients and revenue; and (3) failed to pay dentists employed by the practice as agreed in employment agreements, resulting in a loss of revenue when two "high producing dentists" left the practice. Compl. ¶¶ 9-10.

> As alleged herein, since the effective date of the APA, Defendant has taken several steps that were intended to and have caused the Plaintiffs Earnout Payment potential to drop to $0 when it had been on track to be paid out at the maximum amount of $500,000. Defendant is in breach of the APA and Plaintiffs are entitled a judgment against Defendant in the amount of $500,000.

Compl. ¶ 11.

This Court dismissed the original complaint with leave to amend, concluding that the APA provided that "InterDent could operate the practice as it pleased, while [P]laintiffs were protected against InterDent intentionally attempting to avoid or lessen an earnout payment." Op. and Order 4; ECF No. 13. This Court then determined that "Plaintiff failed to include any specific allegation that InterDent undertook the allegedly unreasonable acts with the intention of depriving plaintiffs of an earnout payment." *Id.* at 5. Instead, Plaintiffs' complaint appeared to challenge what Plaintiffs viewed as unwise business decisions in operating the practice. Op. and Order 6.

Plaintiffs' amended complaint essentially mirrors the original complaint, with the exception of two new assertions. First, Plaintiffs now allege:

> In paragraph 1.06-4 of the APA, Defendant expressly promised to act at all times in good faith. Additionally, in that same paragraph, separate and independent from the express obligation to act in good faith, Defendant promised not to act in a manner intended to avoid paying an Earnout Payment to Plaintiffs.

3 – OPINION AND ORDER

*Compare* Am. Compl. ¶ 8 *with* Compl. ¶ 8.

Second, Plaintiffs now claim that Interdent breached the contract by violating a duty to act in good faith, rather than by intentionally depriving Plaintiffs of the earnout payment. Am. Compl. at ¶ 11 ("The acts and failures to act alleged in paragraphs 9 and 10, above, constitute bad faith conduct by Defendant, in direct breach of the express duty of good faith contained in the APA.").

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

While considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

InterDent argues Plaintiffs' amended complaint merely repeats the deficiencies the Court pointed out when dismissing Plaintiffs' original complaint. Def.'s Mem. Supp. Am. Mot.

4 – OPINION AND ORDER

Dismiss 7; ECF No. 17. In response, Plaintiffs argue they have alleged plausible facts that support their claim that Defendant is bound to act both in good faith and in a manner not intended to reduce the earnout payment. Pls.' Resp. to Def.'s Am. Mot. Dismiss 5; ECF No. 18. Further, Plaintiffs argue that the allegations in the amended complaint are sufficient to establish a claim for breach of an express contractual duty of good faith. *Id.* at 6. I disagree.

**I. The amended complaint fails to correct the deficiencies in the original complaint.**

This Court granted InterDent's first motion to dismiss, concluding that § 1.06-4 allowed "InterDent [to] operate the practice as it pleased, while [P]laintiffs were protected against InterDent intentionally attempting to avoid or lessen an earnout payment." Op. and Order 4. Plaintiffs raised the "dual contractual duties" argument—that § 1.06-4 of the APA required InterDent to (1) operate the practice in good faith; and (2) not operate the practice in a manner intended to avoid the earnout payment—in opposing InterDent's motion to dismiss the original complaint. Op. and Order 4 (quoting Pl.'s Resp. 6). In rejecting Plaintiffs argument, this Court concluded:

> [T]he APA granted Interdent wide latitude in operating the practice. It explicitly provided that Interdent need not operate the practice with an eye towards making sure plaintiffs achieved, let alone maximized, the earnout. *The APA only prevented Interdent from operating the practice in bad faith; i.e., "in a manner intended to avoid making an Earnout Payment."*

Op. and Order 5 (quoting § 1.06-4) (emphasis added).

Plaintiffs were then granted leave to file an amended complaint "demonstrate[ing] Interdent acted with the intention of denying plaintiffs an earnout payment." *Id.* at 6.

Instead of alleging more detailed facts regarding InterDent's intentional acts, Plaintiffs reassert the same dual-duty theory supporting InterDent's alleged breach. *See* Am. Compl. ¶ 11. Specifically, Plaintiffs allege the same facts regarding the parties and, more notably, the actions

5 – OPINION AND ORDER

taken by InterDent that allegedly violated the APA. Both the original and the amended complaint allege that InterDent's acts of cancelling a dental services financing plan, cancelling an agreement with a "major health insurance plan," and failing to pay dentists in accordance with employment agreements constituted a breach of the APA. The only difference between the two claims is that the original complaint alleges that InterDent acted intentionally, comp. ¶ 11, while the amended complaint alleges that InterDent acted in bad faith, am. compl. ¶ 11. No new facts are alleged in the amended complaint. Instead, Plaintiffs merely substitute one legal conclusion for another. However, the Court already concluded § 1.06-4 "only prevented Interdent from operating the practice in bad faith; i.e., 'in a manner intended to avoid making an Earnout Payment.'" Op. and Order 5 (quoting § 1.06-4).

Where an amended complaint "fail[s] to correct the deficiencies identified in [the] original complaint . . . [and instead] 'essentially re-pled the same facts and legal theories' in the amended complaint," dismissal with prejudice is appropriate. *Loos v. Immersion Corp.*, 762 F.3d 880, 890–91 (9th Cir. 2014) (quoting *U.S. Mortg., Inc. v. Saxton*, 494 F.3d 833, 843 n.11 (9th Cir. 2007). Because Plaintiffs attempt to re-litigate the duties created by § 1.06-4 instead of following the Court's order to provide specific factual allegations "demonstrate[ing] Interdent acted with the intention of denying plaintiffs an earnout payment," Op. and Order 6, the amended complaint fails to correct the original complaint's deficiencies. As a result, dismissal with prejudice is appropriate.

**II. Plaintiffs fail to state claim for breach of an express contractual duty of good faith.**

Plaintiffs also allege that InterDent violated the express duty of good faith, a "separate and independent" duty created by § 1.06-4. Am. Compl. ¶ 11. Even assuming this Court did not

already reject this dual-contract theory, Plaintiffs fail to state a claim for breach of the express duty of good faith.

Plaintiffs rely on *Best v. U.S. Nat'l Bank of Or.*, 303 Or. 557 (1987) in support of their argument that InterDent acted in an objectively unreasonable manner, Pls.' Resp. to Def.'s Am. Mot. Dismiss 6.[2] In *Best*, the Oregon Supreme Court articulated that "the purpose of the good faith doctrine is to prohibit improper behavior in the performance and enforcement of contracts." 303 Or. at 562.[3] Additionally, the court in *Best* provided a non-exclusive list of bad faith conduct, including "evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of power to specify terms, and interference with or failure to cooperate in the other party's performance." *Id.* at 563 (quoting *Restatement (Second) of Contracts* § 205, cmt. d (Am. Law Inst. 1979)).

Plaintiffs err in asserting that InterDent's actions are "concrete examples of bad faith conduct." Pl.'s Resp. to Def.'s Am. Mot. Dismiss 6. Plaintiffs do not discuss, in their pleadings or their briefs, what makes InterDent's actions similar to the judicially-recognized examples of bad faith conduct. Instead, Plaintiffs are satisfied simply alleging the legal conclusion that InterDent's actions constitute bad faith. Am. Compl. ¶ 11. Plaintiffs' allegations show only that InterDent operated the dental practice and, due to three business decisions, the practice's revenues decreased. In their brief, Plaintiffs allege that InterDent "drove a valuable and

---

[2] APA § 11.06 provides "the construction and performance of this Agreement will be governed by the laws of the state in which the Dental Practice is located." Because the dental practice at issue is located in Eugene, Oregon, Oregon law applies.

[3] Despite arguing that an express duty should not be overridden by an implied duty, pl.'s resp. to def.'s am. mot. dismiss 4, Plaintiffs attempt to support their allegation that InterDent violated an express duty of good faith by citing to cases involving interpretation of the implied duty of good faith. However, Oregon courts have interpreted express duties of good faith and the implied duty of good faith in the same manner. *See Pollock v. D.R. Horton, Inc.-Portland*, 190 Or. App. 1, 13 (Or. Ct. App. 2003) (holding that, where an APA provision creates an express duty of good faith but does not define the term "good faith," courts apply "the meaning that Oregon law normally gives to the term.").

historically successful practice into the ground," Pl.'s Resp. to Def.'s Am. Mot. Dismiss 6, but they fail to allege any facts showing that InterDent "drove the practice into the ground." Indeed, Plaintiffs appear to walk back this argument in the amended complaint by alleging—without any further detail— that InterDent's actions resulted only in revenues falling below the minimum amount needed to trigger the earnout payment. *See* Am. Compl. ¶ 11 ("Defendant violated this duty to operate the Practice in good faith by carrying out operational actions that resulted in a significant reduction in revenue[.]"); *see also* Am. Compl. ¶ 9 ("However, Defendant made several changes to the Practice that had a substantial impact on the bottom line and reduced the Practice's revenue to a point where Plaintiffs would not be entitled to any Earnout Payment under the formula contained in the APA.").

Even assuming Plaintiffs are correct in asserting that APA § 1.06-4 creates two independent duties, Plaintiffs' theory—as reflected in the amended complaint—again challenges what they view as unwise business decisions rather than bad faith conduct. The challenged actions leading to decreased revenues do not give rise to a claim of bad faith merely by calling it so. *See Best*, 303 Or at 563 (quoting *Restatement (Second) of Contracts* § 205 and noting examples of bad faith conduct consist of "evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of power to specify terms, and interference with or failure to cooperate in the other party's performance.").

/ / /

/ / /

/ / /

/ / /

/ / /

8 – OPINION AND ORDER

## CONCLUSION

Plaintiffs failed to allege any new facts in the amended complaint to support a claim for breach of contract. Interdent's amended motion to dismiss the amended complaint with prejudice, ECF No. 17, is GRANTED.

IT IS SO ORDERED.

DATED this 24th day of October, 2018.

                                            _____/s/ Michael McShane_____
                                                        Michael McShane
                                              United States District Judge