IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEIGH COLBY, D.D.S., an individual; OCD
INVESTMENTS, LLC, an Oregon limited
liability company; and OREGON DENTAL,
P.C.,

        Case No. 6:18-cv-781-MC

    Plaintiffs,

v.        OPINION AND ORDER

INTERDENT SERVICE CORPORATION,

    Defendant.

_____

MCSHANE, Judge:

Following the sale of their dental practice, plaintiffs brought a straightforward breach of contract claim against the purchaser.[1] The four-page complaint consisted of one claim alleging that defendants failed to act in good faith and failed to act consistent with the terms of the purchase agreement. When defendant moved to dismiss, the briefings reflected the simplicity of the claim.[2] The motion to dismiss was 11 pages, the response was 10 pages, and the reply was

---

[1] Defendant removed this action to federal court. ECF No. 1.
[2] I do not imply plaintiff's claim was frivolous, but that it centered on the meaning of two provisions in a single contract.

1 – OPINION AND ORDER

seven pages. Although defendant requested oral argument, the Court concluded oral argument was unnecessary and dismissed the complaint with leave to amend. ECF No. 13.

Plaintiffs filed an amended complaint which was nearly identical to the original complaint. Defendant certainly recognized the similarities. *See Def.'s Mot. to Dismiss Am. Compl.* n.3; ECF No. 15 (adopting earlier motion to dismiss and reply "in full because the Amended Complaint is virtually identical to the original Complaint, *and the arguments for dismissal are the same*." (emphasis added)). Because the amended complaint did not allege any new facts but simply challenged the court's earlier legal conclusions, the court dismissed the amended complaint with prejudice. ECF No. 20. In doing so, the court once again rejected defendant's request for oral argument as unnecessary.

After prevailing on the merits, defendant moved for an award of attorney's fees. Plaintiffs concede the agreement provides for fees, but argues the fees sought here are patently unreasonable. The court agrees. Somehow, in the course of obtaining the dismissal of two nearly identical four-page complaints containing a single claim for breach of contract, defendant managed to spend 137.50 hours of attorney time. Defendant seeks $45,419.50.[3]

Although the agreement provides fees to the prevailing party in an action to enforce the agreement, defendant is only "entitled to recover reasonable attorneys' fees[.]" While it is often an exercise in futility for a court in determining the precise amount of "reasonable" fees, I have no difficulty in concluding that the amount of hours sought here are excessive.

Defendant acknowledges the amended complaint "did not allege any new facts . . . but instead emphasized the very legal theory the Court had rejected[.]" Motion for Fees 3; ECF No. 22. As noted by defendant, the only case cited in support of plaintiff's argument opposing

---

[3] This does not include 6.8 hours and $2,448.00 incurred drafting the reply to the motion for fees. ECFR No. 31.

2 – OPINION AND ORDER

dismissal did not support plaintiff's good faith argument. Motion for Fees 5 (citing *U.S. Bank of Or. Boge*, 311 Or. 550, 567 (1991). Defendant accurately points out, "The claims asserted in the Amended Complaint were even less reasonable. . . . Yet the Amended Complaint pled no additional facts. Plaintiff simply pasted the dismissed Complaint onto new pleading paper and added two new 'allegations' that were nothing more than reiterations of legal conclusions the August Order expressly rejected." Motion for Fees 5. The court agrees with defendant that "Neither the Complaint nor the Amended Complaint presented especially novel or difficult legal questions[.]" Motion for Fees 8.

It is somewhat remarkable then that defendant could expend so many attorney hours comparing nearly identical four-page documents in order to reach the obvious conclusion that they essentially said the same thing. The clarity of the amended complaint was readily apparent and it reflected the same claim previously dismissed. The court was capable of making this determination within five minutes of reviewing the new pleading. Nonetheless, despite acknowledging that the amended complaint alleged no new facts, defendants managed to spend 44.4 hours on review of the tepid amendment alone.

Defendant seemingly pats itself on the back in boasting that "more than 70% of all attorney time spent on this matter [was billed] below the 95th percentile for Portland lawyers with similar years of practice." Motion for Fees 9 (citing the 2017 OSB Economic Survey, Table 35). But the hours expended on such a routine case indicate that even the median rate, to say nothing of a rate approaching the 95th percentile, is too high here. The median rate for the bulk of attorney time here is $235 per hour. 2017 OSB Economic Survey (Survey) Table 36.

Defendant may not have its cake and eat it too. Billing nearly 45 hours to review an amended complaint, determine it alleges no new facts but instead is essentially an amended

3 – OPINION AND ORDER

complaint couched as a motion for reconsideration, and then make minor changes to the original (successful) motion does not correspond with a billable hour at the 95th percentile. The hours are excessive even for a relatively inexperienced attorney.

Without question, an inexperienced attorney will spend more time on any matter than one with decades of specialized experience in a given field. Especially given the simplicity of the dispute here, an experienced attorney would skim the 4-page complaint, pull up hundreds of similar contractual disputes from a mental Rolodex, and quickly determine the correct avenue to proceed. That attorney would not spend an entire workweek of hours researching dead ends or drafting legal standards for a motion to dismiss. That attorney would dust off an old motion, change the header, insert the instant allegations and corresponding legal arguments, and be done in a matter of hours. Defendant had such an attorney work on this case. That attorney, with 24 years of "practice focus[ing] on complex litigation in a variety of businesses," spent 24.6 hours on this case. The dispute here was the opposite of complex litigation. 25 hours is a reasonable amount of time for an attorney with nearly a quarter century of experience (in far more complex matters) to conduct all of the briefing in this matter. Somehow, defendant managed to compile an additional 100 hours on top of what should have been adequate. One can only imagine the additional hours spent for preparation and travel for oral argument had the court allowed such a futility.

The Ninth Circuit applies the "lodestar" method for calculating attorney fees. *Fischer v. SJB–P. D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and it should therefore only be enhanced or reduced

4 – OPINION AND ORDER

in "rare and exceptional cases." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986). Ordinarily, the court decides whether to enhance or reduce the lodestar figure by evaluating a set of factors. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

Prevailing market rates are those that the local legal market would pay for a case of this nature to a lawyer of comparable skill, experience, and reputation to a plaintiff's counsel of record. *Blum v. Stenson,* 465 U.S. 886, 897 (1984). Accordingly, this District uses the Oregon State Bar 2017 Economic Survey as the initial benchmark when reviewing fee petitions.[4]

As noted, it is nearly impossible for a court to arrive at an exact amount of time that is "reasonable" for an attorney to spend on any given motion. But I am convinced that the 44.4 hours spent figuring out how to dismiss an amended complaint that is essentially a mirror image of a dismissed complaint are excessive. The defense could have easily responded that, in the interest of economy, they were relying on their previous motion with leave to make additional submissions should the court request (there would have been no such request, I can assure you).

I am equally convinced that 25 hours is plenty of time for an attorney with 25 years of experience in complex business litigation to fully brief a successful motion to dismiss the 4-page complaint at issue here, along with briefings to dismiss the nearly identical amended complaint. Included in those 25 hours is adequate time to confer with the client. The 25 hours, at $550 per hour, do not come cheap. But the client is paying for the attorney's experience. That experience allows the attorney to do more in less time, especially on a case as straightforward as this. I conclude the lodestar here is 25 hours at $550.00 per hour which comes to $13,750.00. Any

---

[4] The economic survey is available at https://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf.

5 – OPINION AND ORDER

additional hours spent were not reasonable given the complaint and briefings here.[5] Defendant's motion for fees, ECF No. 25, is GRANTED in part. Defendant is also entitled to costs as the prevailing party in the amount of $400 in filing fees. ECF No. 25.

IT IS SO ORDERED.

DATED this 25th day of March, 2019.

                                                      /s/ Michael McShane
                                                        Michael McShane
                                           United States District Judge

---

[5] Also reasonable would have been many more hours, at a much lower rate, from an inexperienced attorney. Because the court is confident 25 hours from an attorney with 25 years of specialized experience is reasonable, I need not determine the reasonable hours for an inexperienced attorney.